INHABITANTS OF THE TOWN OF RANGELEY *vs.* ELMER SNOWMAN.

Franklin. Opinion November 19, 1910.

*Adverse possession. Necessary proof in action of trespass quare clausum. Occupation of property by licensee. Rights acquired in property by licensee, or person occupying, under oral permission. Rights of parties to remove personal property placed on land of another with oral permission, or license.*

1. Occupation of a licensee cannot be adverse to the true owner while he is claiming to occupy it by virtue of the license, and as long as the licensee continues to occupy the premises, or exercises the license by claiming it to be a license or oral permission, said occupation gives no interest in the land and it cannot be considered adverse to the true owner, because it is

with the consent of the true owner, and the license is a complete answer and defense made to a claim of adverse possession set up by the licensee, unless the licensee has occupied or used the premises as his own openly, exclusively, and adversely for the period of twenty years, claiming to be the true owner thereof.

2. A possession which gives title must be adverse for all the requisite time and so notorious that the owner may be presumed to have knowledge that it is adverse.

3. This being an action of quare clausum for entering the close of the plaintiff and entering a building thereon and the carrying away of a small amount of personal property, the gist of the action is the breaking and entering. The other allegations are simply laid as aggravations of the trespass. It is, therefore, incumbent upon the plaintiff to prove such unlawful entry, but the defendant is not liable for breaking and entering because he had the right to revoke the license which gave him the right to enter, and in this form of action, if the breaking and entering is not made out, the action fails.

Action of trespass quare clausum. Defendant filed plea of general issue and also brief statement alleging that, at the time of the trespass complained of, the plaintiffs were not in possession of said close, and further alleging that he was the owner in fee simple of said close and the buildings standing thereon. Case reported to Law Court upon agreed statement of facts, the Law Court to determine the questions of law and fact involved and to render such judgment as the rights of the parties require. Judgment for defendant.

Case stated in opinion.

*Frank W. Butler,* for plaintiffs.

*Richard & Rollins, and C. C. Holman,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, HALEY, HANSON, PHILBROOK, JJ.

HALEY, J. An action of trespass quare clausum, for breaking and entering a close alleged to be the property of the plaintiff, situated in the town of Rangeley, and entering a building thereon formerly used as a school house, and is reported to this court upon an agreed statement of facts, from which it appears that the lot of land in dispute was located in what was formerly school district No. 3 in said Rangeley. In 1857 a school building was erected by individuals living in said district, on a lot other than the lot in

question.   In 1860 certain of the individuals comprising said district wanted the school house in a more central location, and the school house was then moved on the lot in question by said individuals, under oral permission from James D. Badger, who was the owner of the land, to be occupied as long as the same was used for school purposes.   August 8, 1878, said Badger made, executed and delivered to James Snowman a warranty deed of the lot in question, which was duly recorded October 20, 1881, and it is admitted that the school house was moved on to a part of the land described in said deed.   In 1893 the school districts in all towns in the State were abolished by law.   In April, 1894, acting under said law, the assessors for the town of Rangeley made an appraisal of the school property in said town, including whatever rights they had in said school house and lot as provided by law, and the value of the school house property in district No. 3 was appraised at the sum of $124.96, which sum was rebated to the taxpayers in said district.

After proper vote by the town the plaintiffs took possession of the school house and lot above described, succeeding to all rights of the school district therein.   In 1897 the town sold the above named school house, which was removed by the purchaser thereof, and erected the present building upon the same lot, occupying the same ground occupied by the old school house, and in addition thereto certain contiguous land which was necessary for the enlarged building.   The school board in 1897 contracted with one Herbert Ross and others to put in the foundation for the new building.   When they commenced work on the same, James Snowman objected to the erection of the new building to said Herbert Ross and his father, who reported the same to the school board, which was the duly authorized building committee for said town, which thereupon directed said Ross to continue with the work, which he did. James Snowman died on January 5, 1906, leaving a will devising all his property to the defendant, which will was duly probated. The defendant and his predecessors in title have cut the hay of town upon said lot since the incorporation of said town from said lot.   The inhabitants of said town never had a deed of said lot or any part thereof, or paid or tendered said Badger or either of said Snowmans anything for the same, or the right to maintain the

school house thereon.  The school house was moved on the lot in 1860.  The district, up to 1894 and the town since that date, have claimed the right to occupy said lot for school purposes by virtue of the said oral permission of James D. Badger given in 1860. Neither said Snowman nor said Badger, or the defendant, ever requested the school district or the town to remove said building, except at the time complaint was made to the workmen as aforesaid in 1897.  In 1912 the average number of scholars attending school in said district having fallen below eight, the school board summarily suspended school for the year, and no school has since been held therein, but the school books, maps, charts and other school property of said town, including chairs and benches, were left in said school house.  In May, 1914, the defendant broke open the school house door, entered the building and removed therefrom certain of the above named school books.  The plaintiffs claim that they can maintain this action because they have been in open exclusive, adverse possession under a claim of right for more than twenty years, and thereby the title to the lot vested in the inhabitants, and also because the school property in the district was taken over by the town in 1894 and appraised for $124.96, which sum was rebated to the taxpayers in district No. 3 to pay for the school property situated therein which was turned over to the town, and that the defendant, being the owner of other real estate in the town, received his proportion of the rebate of $124.96.

James D. Badger in 1860, when he gave the oral permission to move the building upon the lot, did not attempt to make to the parties who moved the building, or to the district or the town, a grant of the land.

From the agreed statement it appears, "that since the school house was moved on the lot in 1860 that the district up to 1894, and the town since that date, have claimed the right to occupy said lot for school purposes by virtue of the oral permission from James D. Badger in 1860."  Occupation of a licensee can not be adverse to the true owner while he is claiming to occupy it by virtue of the license, and as long as the licensee continues to occupy the premises, or exercise the license by claiming it to be a license or an oral permission, said occupation gives no interest in the land, and it cannot be considered adverse to the true owner, because

it is with the consent of the true owner, and a license is a complete answer and defense to a claim of adverse possession set up by the licensee, unless the licensee has occupied or used the premises as his own, openly, exclusively and adversely for the period of twenty years, claiming to be the true owner thereof. *Coalter* v. *Hunter,* 4 Rand., (Va.) 58; 15 Am. Dec., 726 and note; *Luce* v. *Carley,* 24 Wend, 451; 35 Am. Dec., 637 and note. "A possession which gives title must be adverse for all the requisite time and so notorious that the owner may be presumed to have knowledge that it is adverse." *Morse* v. *Williams,* 62 Maine, 445.

In this case the agreed statement shows that the district or the town has never claimed to be the true owner. They have not claimed to occupy it adversely to the defendant, because "they have claimed the right to occupy said lot for school purposes by virtue of the oral permission of James D. Badger in 1860." From the agreed statement it would seem that, at the time of the alleged trespass, the town was only claiming to occupy the premises as the licensee, not as owners and not adversely to the title of the defendant, and, as the agreed statement shows that the district or the town never have occupied the premises under a claim of right as owners, openly, exclusively and adversely, but only as the licensee of the owner, or owners, it follows that the district had no title to the land in question and since the town took it over the town has had no title to the land. Title by adverse possession set up by the plaintiffs fail, and they are not entitled to maintain this action upon the ground that they were the owners of the premises described in the writ.

This being an action of quare clausum for entering the close of the plaintiff and entering a building thereon and the carrying away of a small amount of personal property, the gist of the action is the breaking and entering. The other allegations are simply laid as aggravations of the trespass. It is, therefore, incumbent upon the plaintiff to prove such unlawful entry, but the defendant is not liable for breaking and entering because he had the right to revoke the license which gave him the right to enter, and in this form of action, if the breaking and entering is not made out, the action fails. *Dingley* v. *Buffum,* 57 Maine, 379.

When the town, in 1894, made an appraisal of the school property in said town they appraised the school district's interest in the school house then on the lot in the sum of $124.96. This sum was rebated to° the taxpayers of the district, and of course the defendant, being a land owner in the district, received a small part of that sum as a rebate on his taxes. How much he received does not appear, but the sum of $124.96 was rebated to the taxpayers of the district. But the defendant is not estopped by that act from recovering possession of land owned by him in the district. The district was the owner of the building on the lot, and "a structure placed upon the land of another, to be used by the builder during the pleasure of the owner of the land; ownership of the structure by the builder and his right to remove it if the land owner revokes his license, is recognized and implied." *Salley* v. *Robinson,* 96 Maine, 474. By the appraisal the town became the owner of the building upon this lot, with the right to remove it whenever the owner of the land revoked his license to allow the building to remain there. In the appraisal no interest in the land of the plaintiff, upon which the building was situated, passed to the town, for the town could only take the interest of the district, which was to a license to maintain the building upon the lot as a school house during the will of the owner of the land.

*Judgment for defendant.*